UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
UNITED STATES OF AMERICA,

                                                          12 CR 626 (SJ)

       v.

                                                         <u>MEMORANDUM</u>
                                                         <u>AND ORDER</u>

ALEXANDER FISHENKO,

               Defendant.

-------------------------------------------------X

A P P E A R A N C E S

LORETTA E. LYNCH
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
By:    Daniel S. Silver
*Attorneys for the Government*

LEVITT & KAIZER
40 Fulton Street
23rd Floor
New York, NY 10038
By:    Richard Ware Levitt
*Attorneys for Defendant*

**JOHNSON, Senior District Judge:**

1

## BACKGROUND

Defendant Alexander Fishenko ("Defendant" or "Fishenko") was arrested on October 3, 2012 and charged with unlawfully exporting advanced microelectronics to Russia, including to Russian military and intelligence agencies, in violation of the Arms Export Control Act ("AECA") and the International Emergency Economic Powers Act ("IEEPA"). See 22 U.S.C. § 2778; 50 U.S.C. § 1702. The arrest took place in the Southern District of Texas, specifically Houston, from where he is alleged to have acted as the President and Chief Executive Officer of Arc Electronics, Inc. ("Arc"), an entity through he allegedly perpetrated the scheme. Fishenko is also a principal of Apex Systems ("Apex"), a Moscow-based electronics firm. Fishenko (and his wife Viktoria) are dual citizens of Russia and the United States, and at the time of Fishenko's arrest, both possessed valid Russian passports. Prior to his arrest, Fishenko made two to three trips to Russia per year, and has made a total of 26 trips since 1996. The Fishenkos have a seven-year-old son present in the United States who is a United States citizen.

Judge Hanks of the Southern District of Texas held a testimonial bail hearing on October 10 and 11, 2012, and denied Fishenko's application. Fishenko and his co-defendants were then transferred to this district, where he made a renewed bail application before Magistrate Judge Lois Bloom. On May 30, 2013, following another hearing, Judge Bloom ordered Fishenko detained. Fishenko then sought review of Judge Bloom's decision before the undersigned. He argues herein that he has

2

numerous family members and friends who are willing to post bail on his behalf. Fishenko also states that he is willing to surrender his passport, and consent to the use of both an electronic monitoring device and government monitoring of non-privileged communications. He complains that lack of computer availability at the Metropolitan Detention Center ("MDC") is making it difficult for him to engage in effective trial preparation. Finally, Fishenko argues that the majority of items he is accused of illegally exporting to Russia were mundane and readily available from China and other foreign sources, and that they in any event constitute less than one percent of Arc's business.

In response, the government argues that Fishenko's ties abroad are too strong to permit his pre-trial release. Additionally, the government argues that regardless of the availability from foreign sources of the microelectronics at issue, the export of those products from the United States is nevertheless controlled by the Department of Commerce and the Department of State. The government further argues that the products alleged by Fishenko to be available abroad are not in fact identical to those he exported from the United States. In support, the government offers a report from the United States Senate Committee on Armed Services ("Senate Report") detailing the problems the American military is facing because counterfeit microelectronics, primarily from China, are finding their way into U.S. military hardware. Coupled with this report is a translation of a conversation between Fishenko and an individual named Sergey Grinenko ("Grinenko") in which they discuss the selling of electronics

3

to be used by the Russian military. According to Grinenko, "a lot is going for the military" and his customers "figured out that the Chinese, I mean...supply crap." Finally, the government argues that the fact that these illegal transactions may make up only a small fraction of Arc's business is irrelevant as the export of these specific microelectronics is illegal, regardless of the total volume.

## DISCUSSION

I.  Bail Reform Act

The Bail Reform Act allows this Court to order a defendant detained pending trial when it is determined that the defendant is a significant flight risk and "no condition or combination of conditions will reasonably assure the appearance of the person as required." 18 U.S.C. § 3142(e) ("Section 3142(e)"). When deciding an application for bail, the court must consider: (1) the nature and circumstances of the offenses charged, (2) the weight of the evidence, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. See 18 U.S.C. 3142(g). The Government must support a finding of a significant risk of flight by a preponderance of the evidence. See United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987) (citing United States v. Berrios-Berrios, 791 F.2d 246, 250 (2d Cir. 1986)).

4

P-049

## II. Standard of Review for Bail Application

A District Court "should fully reconsider a magistrate's denial of bail and in ruling on a motion for revocation or amendment of a detention order should not simply defer to the judgment of the magistrate, but reach its own independent conclusion." United States v. Leon, 766 F.2d 77, 80 (2d Cir. 1985). While a District Court should reach its own independent conclusion, "a district judge is entitled to give a magistrate judge's findings of fact 'such weight as [their] merit commands and the sound discretion of the judge warrants." United States v. Zahrey, No. 96 CR 910, 1996 WL 650980, at *1 (E.D.N.Y. Nov. 7, 1996) (quoting United States v. Raddatz, 447 U.S. 667, 683 (1980) (citation omitted)).

## III. Application

### a. Nature of the Crime and Weight of the Evidence

There is no dispute that violations of AECA and IEEPA are to be treated seriously. The microelectronics that Fishenko allegedly exported can be used in missile guidance systems and detonation triggers. After ordering Fishenko detained, Judge Bloom noted that Fishenko was the 'mastermind of this scheme.' Fishenko poses a danger to the community if he is released on bail and continues to aid in exporting these sophisticated microelectronics. And, in addition to the charges of illegally exporting sophisticated electronics, the Defendant is also charged with

5

P-049

obstruction of justice. Fishenko and his associates allegedly provided false, backdated documents to the Department of Commerce and "attempted to obscure Apex's close connections to the Russian military." (Dkt. No. 126 at 2). The government claims to have collected hundreds of pertinent recorded conversations and email exchanges that reveal Fishenko's role in the conspiracy. Therefore, these factors weigh against granting the application.

### b. *Characteristics of the Defendant and Risk of Flight*

When reviewing a defendant's characteristics, the Court looks to "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct." 18 U.S.C. § 3142(g)(3). Defendant holds dual United States and Russian citizenship and has significant personal ties to Russia. Additionally, Defendant has frequently traveled to Russia and has developed extensive business connections there. The fact that Fishenko "frequently travels" to Russia for business "increases the likelihood of flight." United States v. Routollo, No. 87 CR 813, 1988 WL 147354, at *3 (E.D.N.Y. Jul. 8, 1988) (finding Defendant's frequent travel to the Far East to have increased the likelihood of flight).

Although the Defendant and Government disagree on the amount of resources the Defendant maintains in Russia, the Defendant does not argue that he has multiple bank accounts available to him, as well as business opportunities through Apex. The

6

P-049

Government possesses communications, intercepted during their investigation, that demonstrate Fishenko's active role in Apex's business operations. Because of these business connections "flight would impose no insurmountable personal or professional hardship on defendants." United States v. Choudry, No. 13 CR 0150, 2013 WL 1785392, at *7 (E.D.N.Y. Apr. 26, 2013) (quoting Routollo, No. 87 CR 813, 1988 WL 147354, at *3). Moreover, the Defendant's alleged obstruction of justice indicates his willingness to disregard government orders and, combined with his significant ties to Russia, makes him a significant flight risk if not detained pending trial. Therefore, these factors weigh in favor of detention.

Finally, Defendant argues that, due to the complexity of the case and the failure of the MDC to provide the proper computer software, Defendant's "continued incarceration will make effective trial preparation difficult if not impossible." (Dkt. No. 123 at 2). This Court has since ordered the Government to provide the Defendant with the necessary equipment in order to properly prepare for trial while incarcerated, so this portion of Fishenko's application is denied as moot, with leave to renew.

### c. *Alternatives to Detention*

In order for a defendant to be detained pending trial, there must be "no condition or combination of conditions which will reasonable assure the appearance of

P-049

the person as required." 18 U.S.C. § 3142(e). Defendant argues that he has numerous family and friends "ready to sign a bail bond," he is willing to surrender all passports, and is willing to wear an electronic monitoring bracelet. Defendant claims that these conditions are enough to keep him from fleeing the country. The United States does not have an extradition treaty with Russia. Therefore, were Fishenko to flee, he could not be compelled to return to the United States. This Court hereby finds that there is no condition, or combination of conditions, which would "reasonably assure the appearance" of Fishenko at trial.

## CONCLUSION

Upon review, Fishenko's bail application is denied. Defendant is ordered to remain in detention pending trial.

SO ORDERED.

DATED: July 29, 2013
         Brooklyn, New York

                              Sterling Johnson, Jr, U.S.D.J.

8

P-049