DSS/HLJ

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -                                                    12 CR 626 (SJ)

ALEXANDER FISHENKO, et al.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - -X


## <u>MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT ALEXANDER FISHENKO'S MOTION FOR DISCOVERY AND A HEARING TO ADDRESS PURPORTED VIOLATIONS OF THE ATTORNEY-CLIENT PRIVILEGE</u>


LORETTA E. LYNCH
United States Attorney
Eastern District of New York



Assistant U.S. Attorney Daniel Silver
Assistant U.S. Attorney Hilary Jager
(Of Counsel)

<u>PRELIMINARY STATEMENT</u>

The government respectfully submits this memorandum of law in opposition to defendant Alexander Fishenko's motion for "discovery and a hearing" to address purported violations of the attorney-client privilege by the government, filed on January 7, 2014.   In short, Fishenko asserts that the government improperly obtained privileged information during an interview of Jaime Joiner, Esq., former compliance counsel for Fishenko and his company, Arc Electronics, Inc ("Arc").   Fishenko's claim is meritless.   Joiner did not provide any privileged information to the government.   Moreover, Fishenko has already waived any applicable privilege regarding Joiner's compliance training to Arc employees by affirmatively relying on that training in this case.   Finally, even if the Court concludes that Joiner did improperly divulge any privileged information, the appropriate remedy would be to simply limit Joiner's testimony at trial to non-privileged topics.

<u>BACKGROUND</u>

Fishenko and Arc are charged with, <u>inter</u> <u>alia</u>, conspiring to violate the International Emergency Economic Powers Act, 50 U.S.C. §1705 ("IEEPA"), and the Arms Export Control Act, 22 U.S.C. § 2778 ("AECA"), and to commit wire fraud, all in violation of 18 U.S.C. § 371.   Fishenko and his employees at Arc exported controlled microelectronics to Russian end users without obtaining the appropriate licenses, and regularly lied to their U.S.-based suppliers about the actual end users and intended applications of the microelectronics they sought to purchase.

In 2004 and again in 2011, Fishenko retained Joiner, an export compliance specialist, to advise Arc regarding export compliance issues.   Joiner was previously associated with the law firm Baker Hostetler and later started her own practice, the Joiner Law Firm.

Joiner's representation of Arc functionally ceased during the summer of 2012, and Joiner officially terminated the representation following Arc's indictment in October 2012.

On November 12, 2013, the government interviewed Joiner in the presence of her attorney at the offices of Bracewell & Giuliani, LLP in Houston, Texas. A report prepared by the Federal Bureau of Investigation ("FBI") reflecting Joiner's statements at that meeting is attached hereto as Exhibit A.[1] This report, and the underlying rough notes, have previously been provided to defense counsel. Aside from this interview, the government has had no further communication with Joiner.

At the outset of this voluntary interview, the government advised Joiner and her attorney that the government did not seek to elicit any privileged information from Joiner. (Exhibit A at 1). In addition, the government advised Joiner that she was free to consult with her attorney at any time regarding whether it was appropriate for her to answer any specific question. (Id.). During the interview, Joiner primarily discussed the following topics: 1) her professional background; 2) the chronology of her representation of Arc; 3) her physical observations of Arc's facilities; 4) an export training she conducted for Arc employees on September 29, 2011 (the "2011 training"); and 5) communications with fugitive defendant Sergey Klinov regarding the preparation of a voluntary self-disclosure ("VSD") by Arc to the Department of Commerce, which was filed in September 2011.

As set forth in greater detail below, in discussing these topics Joiner did not divulge any confidential attorney-client communications. Moreover, Fishenko has already waived any applicable privilege regarding these communications.

---

[1] Pending the Court's ruling on the defendant's motion, the government will file the exhibits to this response under seal.

<u>DISCUSSION</u>

I.      <u>Legal Standard</u>

The attorney-client privilege applies only if:

(1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

<u>Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.</u>, 160 F.R.D. 437, 441 (S.D.N.Y. 1995) (internal quotation omitted).   The party claiming the protection of the privilege carries the burden of establishing those facts that are essential elements of the privileged relationship.   <u>See</u> <u>In re Grand Jury Subpoena Dated Jan. 4, 1984</u>, 750 F.2d 223, 224 (2d Cir. 1984).   Conclusory assertions of privilege are insufficient to satisfy this burden.   <u>See</u> <u>United States v. Kovel</u>, 296 F.2d 918, 923 (2d Cir. 1961).   Morevoer, "[s]ince the privilege is an obstacle to the investigation of the truth . . . the privilege is confined within its narrowest possible limits."   <u>Cuno, Inc. v. Pall Corp.</u>, 121 F.R.D. 198, 199 (E.D.N.Y. 1988).

In determining the scope of the privilege, only confidential communications, and not the attorney-client relationship as a whole, are protected.   <u>See</u> <u>Matter of Walsh</u>, 623 F.2d 489, 493-94 (7th Cir. 1980) ("Excluded from the privilege . . . are physical characteristics of the client, such as his complexion, his demeanor . . . and his dress.   Such things are observable by anyone who talked to the client. . . .") (internal quotation omitted).   Moreover, the "fact of communication between a known client and his attorney" is not privileged.   <u>Id</u>. at 494.   The attorney-client relationship "does not create 'a cloak of protection which is draped around all occurrences and

3

communications which have any bearing, direct or indirect, upon the relationship of the attorney with his client.'"   Id. (quoting United States v. Goldfarb, 328 F.2d 280, 281-82 (6th Cir. 1964)).

II.   Analysis

Fishenko asserts that all of the information provided by Joiner during theNovember 2013 interview, including her discussion of the 2011 training, was privileged.   (Defendant's Memorandum ("Def. Mem.") at 3-5).   However, Joiner's background, the chronology of her representation of Arc, the identities of the persons with whom she communicated, and her physical observations of Arc's facilities (topics 1-3 above) fall outside the scope of the privilege.   See Walsh, 623 F.2d at 493-94.   In addition, neither the fact that a VSD was filed nor the contents of the VSD itself are privileged since the VSD was provided to the Department of Commerce by Fishenko.   Joiner's communications with fugitive defendant Sergey Klinov regarding the VSD (topic 5) are also not privileged, since Joiner never represented Klinov.   (Exhibit A at 2-3). Klinov was not an employee of Arc, but rather the chief executive officer of Apex System L.L.C., a Russian company in which Fishenko maintained an interest.   The mere fact that Joiner spoke to Klinov, a non-client, regarding the VSD does nothing to render their communications privileged. See, e.g., Bank Brussels, 160 F.R.D. at 441.

With regard to the 2011 training (topic 4), the court's reasoning in Hartford Life Ins. Co. v. Bank of America Corp., No. 06 Civ. 3805, 2007 WL 2398824 (S.D.N.Y. Aug. 21, 2007), is particularly instructive.   There, the court analyzed a claim that a slide show presentation prepared by Bank of America's legal department in conjunction with the law firm Davis, Polk & Wardwell, which provided "over-views of certain federal securities laws, describe[ed] circumstances in which liability may be imposed, and highlight[ed] and explain[ed] in general terms the due diligence defense," was privileged.   Hartford, 2007 WL 2398824, at *3 (further

noting that the presentation described the "nature of securities litigation and judicial decisions on the issue of due diligence. . .").   The court found that the Davis, Polk & Wardwell presentation was not privileged because it did not "reveal any of the client's . . . confidential communications with its counsel."   Id. at *6.   Specifically, the court found that the presentation contained only "generic descriptions of the law as it might apply to the securities industry" and did not "disclose any inquiry by or concern of [the client] that would not be self evident from the nature of [the client's] business."   Id.

Similarly, the 2011 presentation at issue here, which is entitled "Compliance with U.S. Export Controls and Sanctions," consists of an overview of export laws and regulations, general compliance guidelines, and past examples of enforcement actions.   (See September 29, 2011 Presentation, attached hereto as Exhibit B).   Since it reveals no confidential communications between Joiner and Fishenko or Arc, the presentation is not privileged.   See also In re Sulfuric Acid Antitrust Litigation, 235 F.R.D. 407, 430-32 (N.D. Ill. 2006), supplemented by In re Sulfuric Acid Antitrust Litigation, 432 F. Supp. 2d 794 (N.D. Ill. 2006) (holding that antitrust compliance manuals containing description of applicable laws and policies were not privileged); but cf. Families for Freedom v. U.S. Customs and Border Protection, 797 F. Supp. 2d 375, 395-96 (S.D.N.Y. 2011) (denying Freedom of Information Act request for training materials prepared by government attorneys for Border Patrol agents on the basis of attorney-client privilege).

Finally, even assuming any portion of the information provided by Joiner during the November 2013 interview with the government was privileged, Fishenko waived that privilege by affirmatively relying on his retention of Joiner as a defense during the course of this litigation. As the Second Circuit held in United States v. Bilzerian, 926 F.2d 1285 (2d Cir. 1991), the "attorney-client privilege cannot at once be used as a shield and a sword."   Bilzerian, 926 F.2d at

1292. "A defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes." Id. See also United States v. Locascio, 357 F. Supp. 2d 536, 550 (E.D.N.Y. 2004) ("Courts have repeatedly concluded that, where a party places matters which would be covered by the attorney-client privilege at issue . . . the attorney-client privilege will be waived . . . ."). Here, during the detention hearing in the Southern District of Texas, Fishenko's retained counsel, Eric Reed, Esq., cross-examined the government's witness regarding Arc's retention of Joiner in an attempt to demonstrate that Fishenko lacked the requisite intent to violate applicable export laws or to obstruct justice. (See Transcript of Detention Hearing, dated October 10, 2012, at pages 100-101, attached hereto as Exhibit C). Specifically, Reed argued that "real money was spent on a real law firm to train employees on compliance" and that "while's there's been some suggestion of obstruction . . . the fact is they also retained a law firm, Baker Hostetler, to assist them with [the VSD] investigation." (Id.). Fishenko cannot assert reliance on Joiner's training as a defense while simultaneously shielding the substance of that training from disclosure. See Brock Equities Ltd. v. Josephthal, Lyon, & Ross, Inc., No. 92 Civ. 8588, 1993 WL 350026 at *1 (S.D.N.Y. Sept. 9, 1993) ("A party can only waive the attorney-client privilege as to certain subjects as a whole, and may not select only certain testimony or documents to produce while leaving other evidence shrouded in privilege."). Indeed, Fishenko concedes that "[d]efense counsel had discussed the possibility of calling Ms. Joiner as a defense witness" but claims that they have opted not to do so because Joiner has now been interviewed by the government. (Def. Mem. at 9 n. 5).

Accordingly, Joiner did not provide any privileged information to the government during the November 2013 interview. Moreover, Fishenko has waived any applicable privilege that could have attached. Even if the Court were to disagree, a hearing on the issue would be

unnecessary.   The government has already disclosed the report and notes from its single interview with Joiner.   The government has had no further communications with Joiner, nor has it taken any investigative steps as a result of the interview.   To the extent the Court determines that any aspect of Joiner's statements did reflect privileged information, the Court can simply limit Joiner's trial testimony accordingly.   <u>See</u>, <u>e.g.</u>, <u>United States v. Carollo</u>, No. 10 CR 654, 2011 WL 6935292, *3 (S.D.N.Y. Dec. 30, 2011) (no remaining prejudice where government agreed not to introduce recordings containing potentially privileged communications nor any evidence derived therefrom).   However, if the defense questions Joiner regarding matters outside the scope of the Court's ruling, the privilege would be waived as to those topics as well.

<u>CONCLUSION</u>

For the reasons set forth above, the defendant Alexander Fishenko's motion should be denied.


Dated: Brooklyn, New York
      February 10, 2014


LORETTA E. LYNCH
United States Attorney
Eastern District of New York


By:     /s/ Daniel Silver     
Daniel S. Silver
Hilary L. Jager
Assistant U.S. Attorneys