UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

UNITED STATES OF AMERICA,

        -against-                                            12-cr-626 (SJ)

ALEX FISHENKO et al.,

        Defendants.

----------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT
# OF MOTION TO RELEASE FUNDS HELD
# IN ACCOUNTS OF ARC ELECTRONICS, INC.

GRANGER & ASSOCIATES LLC
40 Fulton Street, 23rd Floor
New York, New York 10038
Tel:    (212)732-7000
Fax:   (212)732-7001
*Attorneys for Arc Electronics, Inc.*

This memorandum is in support of the motion by Arc Electronics, Inc. ("ARC"), for an order releasing all funds on deposit in three ARC bank accounts to the extent such funds exceed those which might be forfeitable pursuant to the instant indictment, and for an expedited hearing upon this motion.[1]

ARC, a privately held company located in Houston, Texas, of which Defendant Alex Fishenko is the co-owner and President, is presently charged in a twenty-five count indictment with acting as an unregistered agent of a foreign government (Count 1), two conspiracies (Counts 2 and 24), and the exportation of certain electronic devices to Russia without the required licenses from the United States government (Counts 3 through 23). The indictment also includes forfeiture demands, pursuant to which the government has frozen nearly $400,000 on deposit in three of ARC's bank accounts, as follows:

(1) Wells Fargo Acct. xxx6740:     $141,442.44 + $128.98 (interest)

(2) Wells Fargo Acct. xxx1793:     $36,201.79 + $33.01 (interest)

(3) Frost National Acct. xxx8983:  $219,341.29 + $197.49 (interest)

ARC has not yet appeared with counsel because it has no non-frozen funds with which to hire counsel. See Affidavit of Alex Fishenko, annexed as Exhibit A.

An indicted defendant is entitled to the release of frozen funds where it lacks unencumbered funds sufficient to hire counsel and where the Court determines that probable cause lacks "to believe that the assets in dispute are traceable or otherwise sufficiently related to the crime charged in the indictment." *Kaley v. United States*, 134

---

[1] On April 8, 2014, counsel for Defendant Alex Fishenko spoke with AUSA Daniel Silver in an attempt to obtain release of funds without litigation but was not successful.

S.Ct. 1090, 1095 & n.3 (2014). Here, the government has frozen nearly $400,000 of ARC's assets, yet the indictment alleges forfeitable sales that in fact grossed only $44,359.65. Specifically the indictment charges nine sales of allegedly restricted items in 2010, which grossed $18,774.87; ten sales of allegedly restricted items in 2011, which grossed $16,853.45; and two sales of restricted items in 2012, which grossed $8,731.33.[2] Accordingly, no more than $44,359.65 of the funds held in the seized bank accounts are even arguably forfeitable. Additionally, the government cannot demonstrate that even $44,359.65 in the accounts is directly "traceable" or "otherwise sufficiently related to" the charged offenses to warrant seizure pending the disposition of this case. *Kaley, supra; United States v. Gotti*, 155 F.3d 144 (2d Cir. 1998) (disapproving pretrial seizure of substituted assets). Therefore, all such funds should be released.

As stated in the attached affirmation of Raymond Granger, see Exhibit B, and the attached affidavit of Mr. Fishenko, Granger & Associates LLC has agreed to represent ARC prior to trial for a fee of $100,000 and would thereafter negotiate an additional fee for trial representation should a trial become necessary.

---

[2] Estimates of gross receipts are based on the sales prices of the components identified in the indictment as having been unlawfully sold, as reflected in sales documents provided to the defense by the government in discovery.

For these reasons, the Court should either order the government to release the seized funds to the extent they exceed the amount that might be forfeitable under the indictment or conduct an expedited hearing on this motion.

Dated: April 10, 2014
      New York, New York

                    Respectfully submitted,

                    GRANGER & ASSOCIATES LLC

By: /s/ *Raymond R. Granger*
     40 Fulton Street, 23rd Floor
     New York, New York 10038
     Tel:   (212)732-7000
     Fax:  (212)732-7001
     RGranger@GrangerAssociates.com
     *Attorneys for Arc Electronics, Inc.*

# EXHIBIT  A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

UNITED STATES OF AMERICA,

        -against-                                   12-cr-626 (SJ)
                                                        AFFIDAVIT

ALEX FISHENKO, et al.,

        Defendants.

------------------------------------------------------------X

STATE OF NEW YORK   )
                          ss.:
COUNTY OF NEW YORK )

ALEX FISHENKO, being duly sworn, deposes and says:

        1.        I am a United States citizen and a defendant in the above-captioned case. I submit this affidavit in support of the motion by Defendant Arc Electronics, Inc. ("ARC"), for an order releasing all funds on deposit in three ARC bank accounts to the extent such funds exceed those which might be forfeitable pursuant to the instant indictment.

        2.        I am the co-owner and President of ARC and in that capacity I am authorized to make the instant application.

        3.        As of the writing of this affidavit ARC is not represented by counsel because, to my knowledge, its assets have been seized or frozen by the government pursuant to this prosecution.

        4.        I desire to hire counsel on behalf of ARC and wish to engage Granger & Associates LLC for that purpose.

5. I have spoken with Raymond Granger of Granger & Associates LLC regarding the instant motion and have agreed to pay Mr. Granger's firm a pretrial fee of $100,000 to represent ARC should the Court grant this motion, and we will thereafter negotiate a trial fee on ARC's behalf should there be a trial in this case.

6. WHEREFORE, I respectfully request that ARC's motion be granted.

Dated: Brooklyn, New York
April 10, 2014

_____
ALEX FISHENKO

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

        -against-                                           12-cr-626 (SJ)

ALEX FISHENKO, et al.,                     AFFIRMATION

        Defendants.

------------------------------------------------------------X

        Raymond R. Granger affirms the following under penalties of perjury:

        1.       I am the principal of Granger & Associates LLC, which makes a limited appearance on behalf of Arc Electronics, Inc. ("ARC") in the above-captioned case in support of the instant motion for an order releasing all funds on deposit in three ARC bank accounts to the extent such funds exceed those which might be forfeitable pursuant to the indictment pending against ARC, and for an expedited hearing upon this motion.

        2.       I have spoken with Defendant Alex Fishenko regarding the instant motion and he has agreed that ARC will pay my firm a pretrial fee of $100,000 to represent ARC should the Court grant this motion, and that we will thereafter negotiate a trial fee on ARC's behalf should there be a trial in this case.

        3.       On April 8, 2014, Richard Levitt, Esq., counsel for Codefendant Alex Fishenko, spoke with AUSA Daniel Silver in an attempt to obtain release of the disputed funds in order for ARC to retain counsel without having to file the instant motion but was not successful.

        4.       ARC is a private company headquartered in Houston, Texas. Mr. Fishenko is its co-owner and President.

5.  Pursuant to the indictment in this case, the government has frozen the funds in three ARC bank accounts, totaling approximately $400,000.

6.  Mr. Fishenko attests in his annexed affidavit that ARC has no other funds with which to hire counsel.

7.  Furthermore, the $400,000 frozen in ARC's accounts exceeds by more than $300,000 the total value of the electronics alleged in the indictment to have been unlawfully sold by ARC and which, therefore, might be forfeitable.

8.  Additionally, the government cannot show that the funds on account are traceable or otherwise sufficiently related to the crime charged in the indictment.

9.  For these reasons, the Court should either order the government to release the seized funds to the extent they exceed the amount that might be forfeitable under the indictment or conduct an expedited hearing on this motion.

Dated: April 10, 2014
New York, New York

_____
Raymond R. Granger