DSS:HLJ/UAD
F.#2012R00387

FILED
CLERK

2014 NOV -6  PM 4: 51

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

ALEXANDER FISHENKO,
ARC ELECTRONICS, INC.,
APEX SYSTEM, L.L.C.,
SHAVKAT ABDULLAEV,
    also known as "Stan,"
ANASTASIA DIATLOVA,
    also known as "Anna,"
SERGEY KLINOV,
ALEXANDER POSOBILOV,
    also known as "Sasha,"
YURI SAVIN,
DMITRIY SHEGUROV,
SEVINJ TAGHIYEVA,
    also known as "Seva," and
SVETALINA ZAGON,
    also known as "Alina,"

              Defendants.

- - - - - - - - - - - - - - -X

**SUPERSEDING INDICTMENT**

Cr. No. 12-626 (S-1) (SJ)
(T. 13, U.S.C., § 305(a)(1); T. 18,
U.S.C., §§ 371, 951(a),
981(a)(1)(C), 982, 1512(c), 1519,
1956(h), 2 and 3551 et seq.; T. 21,
U.S.C., § 853(p); T. 22, U.S.C.,
§§ 2778(b)(2) and 2778(c); T. 28,
U.S.C., § 2461(c); T. 50, U.S.C.,
§§ 1702 and 1705(c); T. 15, C.F.R.,
§ 764.2; T. 22, C.F.R., §§ 121 and 127)

THE GRAND JURY CHARGES:

### INTRODUCTION

        At all times relevant to this Superseding Indictment, unless otherwise indicated:

        1.      The defendant ARC ELECTRONICS, INC. ("ARC") was a privately held corporation with its principal place of business in Houston, Texas.   ARC was engaged in the export of microelectronics and other high-tech products.

2.    The defendant APEX SYSTEM, L.L.C. ("APEX") was a Russian corporation with its principal place of business in Moscow, Russia.   MIG Engineering Corporation ("MIG Engineering"), Saransk Electronic Corporation ("Saransk") and JSC Arsenal Corporation ("Arsenal") were affiliates of APEX.   APEX, MIG Engineering, Saransk and Arsenal were engaged in the procurement of microelectronics primarily for Russian government agencies, including Russian military and intelligence agencies.

3.    The defendant SERGEY KLINOV was the chief executive officer of APEX, and the defendant DMITRIY SHEGUROV was an employee of APEX.

4.    The defendant ALEXANDER FISHENKO was the co-owner and President of ARC, and the part owner and Marketing Manager of APEX.   FISHENKO, who was not a diplomatic or consular officer or attaché of any foreign government, acted as an agent of the Russian government by illegally procuring controlled microelectronics for the Russian government, including Russian military and intelligence agencies, without prior notification to the Attorney General.

5.    The defendant ALEXANDER POSOBILOV, also known as "Sasha," was the Procurement Manager of ARC.

6.    The defendant SHAVKAT ABDULLAEV, also known as "Stan," was the Shipping Manager of ARC.   The defendants ANASTASIA DIATLOVA, also known as "Anna," SEVINJ TAGHIYEVA, also known as "Seva," and SVETALINA ZAGON, also known as "Alina," were salespeople at ARC.

7.    The defendant YURI SAVIN was the Director of Marketing at Atrilor, Ltd. ("Atrilor"), a Russian corporation that regularly purchased microelectronics from ARC.

2

## PROCUREMENT OF MICROELECTRONICS FOR RUSSIA

8.     The defendant ALEXANDER FISHENKO, as a principal of ARC and
APEX, procured and caused to be procured controlled microelectronics for Russian government
agencies, including Russian military and intelligence agencies, without obtaining required licenses
and by falsifying the actual end users and intended applications of the commodities.

9.     The defendant ALEXANDER FISHENKO then exported and caused to be
exported controlled microelectronics for the Russian government via, among other places, John F.
Kennedy International Airport in Queens, New York.

## THE FRAUDULENT SCHEME

10.     On or about and between October 1, 2008 and September 28, 2012, the
defendants, together with others, devised and executed a scheme to obtain controlled
microelectronics from United States-based manufacturers and distributors and export those
commodities to Russian end users, including Russian military and intelligence agencies, without
obtaining required export licenses.

11.     These microelectronics included analog-to-digital converters, amplifiers,
digital signal processors, micro-controllers, static random access memory chips and field
programmable gate arrays.   These advanced microelectronics could not be produced in Russia.
These microelectronics had applications in a wide range of military systems, including radar and
surveillance systems, weapons targeting systems and detonation triggers.

12.     End user and end use information was often required by United
States-based manufacturers and distributors before they would sell controlled or non-controlled
goods to re-sellers or exporters.   To induce manufacturers and suppliers to sell them

3

microelectronics, and to avoid scrutiny by government regulators, the defendants frequently provided false end user information to manufacturers and suppliers.

## OBJECTS OF THE CONSPIRACY

13.     As part of the conspiracy, the defendants sought to: a) generate revenue; b) evade the International Traffic in Arms Regulations ("ITAR") and the Export Administration Regulations ("EAR") by supplying controlled microelectronics to Russian end users; and c) defraud United States-based manufacturers and distributors by providing false end user and end use information in connection with the purchase and export of both controlled and non-controlled microelectronics.

## MANNER AND MEANS OF THE CONSPIRACY

14.     As part of the conspiracy, the defendants ALEXANDER FISHENKO, ARC ELECTRONICS, INC., SHAVKAT ABDULLAEV, ANASTASIA DIATLOVA, ALEXANDER POSOBILOV, SEVINJ TAGHIYEVA and SVETALINA ZAGON, together with others, purchased microelectronics from United States-based manufacturers and distributors and arranged for the export of those goods to various Russian procurement companies.

15.     It was further part of the conspiracy that these Russian procurement companies, which included the defendant APEX and its affiliates MIG Engineering, Saransk and Arsenal, as well as Atrilor, Petersburg Electronic Company ("PEC"), Melcom, Best Komp Group, Nova Technologies, Systema VP, Neva Electronics, Forward Electronics, Aviton and MaxiTechGroup, in turn sold the microelectronics to Russian end users, including Russian military and intelligence agencies.

16.     It was further part of the conspiracy that the defendant YURI SAVIN of Atrilor caused ARC and its employees to export controlled microelectronics from the United

4

States to Russia knowing that, although licenses were required for such exports, licenses had not been obtained.

17.     It was further part of the conspiracy that, in order to evade the ITAR and the EAR and to conceal Russian government and military end users, the defendants falsified end use and end user information in connection with the purchase and export of microelectronics.

18.     It was further part of the conspiracy that, in order to obtain microelectronics from manufacturers and suppliers, and to avoid scrutiny by government regulators, the defendants provided materially false information regarding ARC's export function, including the submission of false end user information to manufacturers and suppliers.

19.     It was further part of the conspiracy that, in order to evade the ITAR and the EAR, the defendants provided false Export Control Classification Numbers ("ECCNs") and licensing information for goods exported on ARC's invoices and on Shipper's Export Declarations ("SEDs") electronically filed with the United States Department of Commerce ("DOC") through the Automated Export System ("AES").

20.     It was further part of the conspiracy that the defendants transmitted, and caused to be transmitted, emails containing false end user information in interstate and foreign commerce.

21.     It was further part of the conspiracy that, in or about August 2011 and September 2011, in anticipation of an inquiry by the DOC, the defendants ALEXANDER FISHENKO and ALEXANDER POSOBILOV, together with others, directed the defendants SERGEY KLINOV and DMITRIY SHEGUROV, among other APEX employees, to forge documents and delete information from APEX's website that revealed APEX's relationship with

the Russian military, including images of missiles and military aircraft and a certificate stating that

APEX affiliate Arsenal was a certified supplier of electronics for the Russian Ministry of Defense.

## COUNT ONE
(Acting as an Agent of a Foreign Government without Prior Notification to the Attorney General)

22.     The allegations contained in paragraphs one through twenty-one are

realleged and incorporated as if fully set forth in this paragraph.

23.     On or about and between October 1, 2008 and September 28, 2012, both

dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendant ALEXANDER FISHENKO did knowingly and intentionally act in the United States as

an agent of a foreign government, to wit: the government of Russia, without prior notification to

the Attorney General of the United States.

(Title 18, United States Code, Sections 951(a) and 3551 et seq.)

## COUNT TWO
(Conspiracy to Violate the International Emergency Economic Powers Act ("IEEPA") and
the Arms Export Control Act ("AECA"), and to Commit Wire Fraud)

24.     The allegations contained in paragraphs one through twenty-one are

realleged and incorporated as if fully set forth in this paragraph.

25.     On or about and between October 1, 2008 and September 28, 2012, both

dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants ALEXANDER FISHENKO, ARC ELECTRONICS, INC., APEX SYSTEM L.L.C,

SHAVKAT ABDULLAEV, also known as "Stan," ANASTASIA DIATLOVA, also known as

"Anna," SERGEY KLINOV, ALEXANDER POSOBILOV, also known as "Sasha," YURI

SAVIN, DMITRIY SHEGUROV, SEVINJ TAGHIYEVA, also known as "Seva," and

SVETALINA ZAGON, also known as "Alina," together with others, did knowingly and

intentionally conspire to:   a) willfully export from the United States to Russia items under the

6

jurisdiction of the DOC, to wit: microelectronics, without first having obtained the required licenses from the DOC, contrary to Title 50, United States Code, Sections 1702 and 1705, and Title 15, Code of Federal Regulations, Section 764.2; b) willfully export from the United States to Russia items designated as defense articles on the United States Munitions List ("USML"), to wit: microelectronics, without first obtaining the required licenses or written approval from the State Department, contrary to Title 22, United States Code, Sections 2778(b)(2) and 2778(c), and Title 22, Code of Federal Regulations, Sections 121 and 127; and c) devise a scheme and artifice to defraud, and obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals and sounds, to wit: email communications containing false information regarding ARC's export function and false end user and end use information, contrary to Title 18, United States Code, Section 1343.

26.     In furtherance of the conspiracy and to effect its objects, the defendants, together with others, committed and caused to be committed, within the Eastern District of New York and elsewhere, the following:

OVERT ACTS

a.     On or about September 25, 2009, the defendant ALEXANDER FISHENKO obtained a false end user document from Russian procurement company PEC, which a PEC employee informed FISHENKO was a "pure forgery."

7

b.    On or about May 17, 2010, the defendant SVETALINA ZAGON

informed Russian procurement company PEC that a particular component PEC had ordered was

export-controlled, but that ZAGON would try to obtain the part from another source.

c.    On or about June 22, 2010, the defendants ALEXANDER

FISHENKO, ARC ELECTRONICS, INC. and ALEXANDER POSOBILOV caused the export of

controlled analog-to-digital converters from the United States to Russia via Memphis, Tennessee

without the required license.

d.    On or about November 10, 2010, the defendants ALEXANDER

FISHENKO, ARC ELECTRONICS, INC., ALEXANDER POSOBILOV and SVETALINA

ZAGON caused the export of controlled microcontrollers from the United States to Russia via

John F. Kennedy International Airport in Queens, New York without the required license.

e.    On or about December 3, 2010, the defendants ALEXANDER

FISHENKO, ARC ELECTRONICS, INC., ALEXANDER POSOBILOV and SVETALINA

ZAGON caused the export of controlled microcontrollers from the United States to Russia via

John F. Kennedy International Airport in Queens, New York without the required license.

f.    On or about February 12, 2011, the defendants ALEXANDER

FISHENKO, ARC ELECTRONICS, INC. and ALEXANDER POSOBILOV caused the export of

controlled microcontrollers from the·United States to Russia via John F. Kennedy International

Airport in Queens, New York without the required license.

g.    On or about March 18, 2011, the defendants ALEXANDER

FISHENKO, ARC ELECTRONICS, INC., ALEXANDER POSOBILOV, APEX SYSTEM,

L.L.C. and SERGEY KLINOV caused the export of controlled analog-to-digital converters from

8

the United States to Russia via John F. Kennedy International Airport in Queens, New York without the required license.

h.    On or about April 4, 2011, the defendant ALEXANDER POSOBILOV instructed Russian procurement company PEC to falsify end user information pertaining to an export of maritime-related components.  Specifically, POSOBILOV instructed PEC to "make sure that these are fishing vessels, and not fishing-anti-submarine ones . . . Then we'll be able to start working."

i.    On or about June 30, 2011, the defendants ALEXANDER FISHENKO, ARC ELECTRONICS, INC., ALEXANDER POSOBILOV, SHAVKAT ABDULLAEV and SVETALINA ZAGON caused the export of controlled microcontrollers from the United States to Russia via John F. Kennedy International Airport in Queens, New York without the required license.

j.    On or about July 7, 2011, the defendant SHAVKAT ABDULLAEV sent a Shipper's Letter of Instruction, which he had signed, to a freight forwarder, falsely stating that the goods contained within the shipment were not export controlled.

k.    On or about July 13, 2011, the defendants ALEXANDER FISHENKO, ARC ELECTRONICS, INC., ALEXANDER POSOBILOV and SHAVKAT ABDULLAEV caused the export of controlled analog-to-digital converters from the United States to Russia via John F. Kennedy International Airport in Queens, New York without the required license.

l.    On or about July 27, 2011, the defendants ALEXANDER FISHENKO, ARC ELECTRONICS, INC., ALEXANDER POSOBILOV and SHAVKAT ABDULLAEV

9

caused the export of controlled analog-to-digital converters from the United States to Russia, via John F. Kennedy International Airport in Queens, New York without the required license.

    m. On or about August 11, 2011, the defendants SERGEY KLINOV and DMITRIY SHEGUROV provided false end user documents to the defendant ALEXANDER FISHENKO for a manufacturer.

    n. On or about August 12, 2011, the defendants ALEXANDER FISHENKO, ARC ELECTRONICS, INC., ALEXANDER POSOBILOV and SEVINJ TAGHIYEVA caused the export of controlled analog-to-digital converters from the United States to Russia via Memphis, Tennessee without the required license.

    o. On or about August 16, 2011, an ARC employee informed an employee of Russian procurement company Forward Electronics that a particular component that Forward Electronics had ordered was export-controlled, but that ARC had ordered it from another vendor who "look[s] the other way."

    p. On or about August 26, 2011, the defendants ALEXANDER FISHENKO, ARC ELECTRONICS, INC., ALEXANDER POSOBILOV and SEVINJ TAGHIYEVA caused the export of controlled analog-to-digital converters from the United States to Russia via Memphis, Tennessee without the required license.

    q. On or about September 8, 2011, the defendant ALEXANDER POSOBILOV instructed the defendant YURI SAVIN not to reveal that goods he had purchased from ARC were intended for Russian military use.  SAVIN asked POSOBILOV: What can we do "if the client is military all over?"  POSOBILOV replied, "We can't be the ones making things up, it has to come from you."

r.    On or about September 13, 2011, the defendants ALEXANDER FISHENKO, ARC ELECTRONICS, INC., ALEXANDER POSOBILOV, SHAVKAT ABDULLAEV and SEVINJ TAGHIYEVA caused the export of controlled amplifiers from the United States to Russia via John F. Kennedy International Airport in Queens, New York without the required license.

s.    On or about September 30, 2011, an ARC employee directed employees of the defendant APEX SYSTEM, L.L.C., MIG Electronics and Arsenal to remove all references to the Russian military from their email communications with ARC.

t.    On or about January 25, 2012, the defendant ALEXANDER FISHENKO directed a Russian procurement company that, when the company provided false end user information, to "make them up pretty and correctly so it looks good."

u.    On or about January 26, 2012, the defendant YURI SAVIN sent a false end user document that he had created to the defendant ANASTASIA DIATLOVA.  SAVIN advised DIATLOVA that he had forged the end user document using graphics obtained from the internet but that "otherwise it's the most genuine . . . ☺"

v.    On or about February 23, 2012, the defendants ALEXANDER FISHENKO, ARC ELECTRONICS, INC., ALEXANDER POSOBILOV, ANASTASIA DIATLOVA and YURI SAVIN caused the export of controlled static random access memory chips from the United States to Russia via John F. Kennedy International Airport in Queens, New York without the required license.

w.    On or about March 23, 2012, the defendant ANASTASIA DIATLOVA sent a completed export compliance document to a vendor which falsely stated that

11

ARC manufactured traffic lights, when in fact ARC did not manufacture products but rather acted solely as a re-seller.

      x.    On or about May 2, 2012, the defendants ALEXANDER FISHENKO, ARC ELECTRONICS, INC., ALEXANDER POSOBILOV and ANASTASIA DIATLOVA caused the export of controlled static random access memory chips from the United States to Russia via Cincinnati, Ohio without the required license.

      (Title 18, United States Code, Sections 371 and 3551 et seq.)

COUNTS THREE THROUGH FIFTEEN
(IEEPA Violations)

      27.    The allegations contained in paragraphs one through twenty-one are realleged and incorporated as if fully set forth in this paragraph.

      28.    On or about the dates listed below and within the districts specified below, the defendants named below, together with others, did knowingly, intentionally and willfully export from the United States to Russia items under the jurisdiction of the DOC, to wit: microelectronics, without first having obtained the required licenses from the DOC.

| Count | Date | Defendants | Part Number/ Type of Commodity | Location |
|-------|------|------------|-------------------------------|----------|
| 3 | 6/22/10 | ALEXANDER FISHENKO, ARC ELECTRONICS, ALEXANDER POSOBILOV | ADS5463IPFP (analog-to-digital converter) | Western District of Tennessee |
| 4 | 11/10/10 | ALEXANDER FISHENKO, ARC ELECTRONICS, ALEXANDER POSOBILOV, SVETALINA ZAGON | MSP430F249MP MEP (microcontroller) | Eastern District of New York |

12

| 5 | 12/3/10 | ALEXANDER FISHENKO, ARC ELECTRONICS, ALEXANDER POSOBILOV, SVETALINA ZAGON | MSP430F249MP MEP (microcontroller) | Eastern District of New York |
|---|---------|---------|---------|---------|
| 6 | 2/12/11 | ALEXANDER FISHENKO, ARC ELECTRONICS, ALEXANDER POSOBILOV | MSP430F249MP MEP (microcontroller) | Eastern District of New York |
| 7 | 3/18/11 | ALEXANDER FISHENKO, ARC ELECTRONICS, ALEXANDER POSOBILOV, APEX SYSTEM, L.L.C., SERGEY KLINOV | AD9230BCPZ-250 (analog-to-digital converter) | Eastern District of New York |
| 8 | 6/30/11 | ALEXANDER FISHENKO, ARC ELECTRONICS, ALEXANDER POSOBILOV, SHAVKAT ABDULLAEV, SVETALINA ZAGON | MSP430F249MP MEP (microcontroller) | Eastern District of New York |
| 9 | 7/13/11 | ALEXANDER FISHENKO, ARC ELECTRONICS, ALEXANDER POSOBILOV, SHAVKAT ABDULLAEV | AD7710SQ (analog-to-digital converter) | Eastern District of New York |
| 10 | 7/27/11 | ALEXANDER FISHENKO, ARC ELECTRONICS, ALEXANDER POSOBILOV, SHAVKAT ABDULLAEV | AD7710SQ (analog-to-digital converter) | Eastern District of New York |

13

| 11 | 8/12/11 | ALEXANDER FISHENKO, ARC ELECTRONICS, ALEXANDER POSOBILOV, SEVINJ TAGHIYEVA | LTC2209IUP#PBF (analog-to-digital converter) | Western District of Tennessee |
|----|---------|---|---|---|
| 12 | 8/26/11 | ALEXANDER FISHENKO, ARC ELECTRONICS, ALEXANDER POSOBILOV, SEVINJ TAGHIYEVA | LTC2209IUP#PBF (analog-to-digital converter) | Western District of Tennessee |
| 13 | 9/13/11 | ALEXANDER FISHENKO, ARC ELECTRONICS, ALEXANDER POSOBILOV, SHAVKAT ABDULLAEV, SEVINJ TAGHIYEVA | AMMC-6241-WI0 (amplifier) | Eastern District of New York |
| 14 | 2/23/12 | ALEXANDER FISHENKO, ARC ELECTRONICS, ALEXANDER POSOBILOV, ANASTASIA DIATLOVA, YURI SAVIN | AS8SLC512K32Q-10L/883C (static random access memory chip) | Eastern District of New York |
| 15 | 5/2/12 | ALEXANDER FISHENKO, ARC ELECTRONICS, ALEXANDER POSOBILOV, ANASTASIA DIATLOVA | AS8SLC512K32Q-10L/883C (static random access memory chip) | Southern District of Ohio |

(Title 50, United States Code, Sections 1702 and 1705(c); Title 15, Code of Federal Regulations, Section 764.2; Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT SIXTEEN
(AECA Violation)

29.     The allegations contained in paragraphs one through twenty-one are

realleged and incorporated as if fully set forth in this paragraph.

30.     On or about January 24, 2011, within the Eastern District of New York and

elsewhere, the defendants ALEXANDER FISHENKO, ARC ELECTRONICS, INC.,

ALEXANDER POSOBILOV, also known as "Sasha," and SVETALINA ZAGON, also known as

"Alina," together with others, did knowingly, intentionally and willfully export from the United

States to Russia power amplifiers designated as defense articles on the USML, to wit: five

TriQuint parts TGA2517, without first obtaining the required license or written approval from the

State Department.

(Title 22, United States Code, Sections 2778(b)(2) and 2778(c); Title 22, Code of

Federal Regulations, Sections 121 and 127; Title 18, United States Code, Sections 2 and 3551 et

seq.)

## COUNT SEVENTEEN
(Money Laundering Conspiracy)

31.     The allegations contained in paragraphs one through twenty-one are

realleged and incorporated by reference as if fully set forth in this paragraph.

32.     On or about and between October 1, 2008 and September 28, 2012, within

the Eastern District of New York and elsewhere, the defendants ALEXANDER FISHENKO,

ARC ELECTRONICS, INC. and ALEXANDER POSOBILOV, also known as "Sasha," together

with others, did knowingly and intentionally conspire to transmit and transfer monetary

instruments and funds from a place outside the United States, to wit: Russia, to a place in the

United States, to wit: Houston, Texas, with the intent to promote the carrying on of specified

15

unlawful activity, to wit, the crimes charged in Counts Two through Sixteen, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

### COUNT EIGHTEEN
(Obstruction of Justice)

33. The allegations contained in paragraphs one through twenty-one are realleged and incorporated by reference as if fully set forth in this paragraph.

34. In or about and between August 2011 and September 2011, both dates being approximate and inclusive, within the Southern District of Texas, the defendants ALEXANDER FISHENKO, SERGEY KLINOV, ALEXANDER POSOBILOV, also known as "Sasha," and DMITRIY SHEGUROV, together with others, did knowingly, intentionally and corruptly alter, destroy, mutilate and conceal one or more records, documents and other objects, and attempt to do so, with the intent to impair the objects' integrity and availability for use in an official proceeding, to wit: a proceeding before the DOC, and otherwise obstruct, influence and impede such official proceeding, and attempt to do so.

(Title 18, United States Code, Sections 1512(c), 2 and 3551 et seq.)

### COUNT NINETEEN
(Obstruction of Justice)

35. The allegations contained in paragraphs one through twenty-one are realleged and incorporated by reference as if fully set forth in this paragraph.

36. In or about and between August 2011 and September 2011, both dates being approximate and inclusive, within the Southern District of Texas, the defendants ALEXANDER FISHENKO, SERGEY KLINOV, ALEXANDER POSOBILOV, also known as "Sasha," and DMITRIY SHEGUROV, together with others, did knowingly and intentionally alter, destroy,

16

mutilate, conceal, cover up and falsify one or more records, documents and tangible objects, with

the intent to impede, obstruct and influence the investigation and proper administration of a matter

within the jurisdiction of a department and agency of the United States, to wit: the DOC, and in

relation to and in contemplation of such matter.

(Title 18, United States Code, Sections 1519, 2 and 3551 et seq.)

## COUNTS TWENTY THROUGH TWENTY-FIVE
### (Submission of False Export Information)

37.     The allegations contained in paragraphs one through twenty-one are

re-alleged and incorporated as if fully set forth in this paragraph.

38.     On or about the dates set forth below, within the Southern District of Texas,

the defendant SHAVKAT ABDULLAEV, also known as "Stan," did knowingly and intentionally

submit false and misleading export information through SEDs and the AES relating to

international shipments of commodities by ARC ELECTRINICS from the United States to Russia,

to wit: false ECCNs and licensing information pertaining to the following international shipments

of commodities:

| Count | Date | Consignee | Country of Destination | Commodity |
|---|---|---|---|---|
| 20 | 6/30/11 | Systema VP | Russia | microcontrollers |
| 21 | 7/13/11 | Atrilor | Russia | analog-to-digital converters |
| 22 | 7/27/11 | Atrilor | Russia | analog-to-digital converters |
| 23 | 9/13/11 | DM Link | Russia | amplifiers |
| 24 | 2/23/12 | Atrilor | Russia | static random access memory chips |
| 25 | 5/2/12 | Atrilor | Russia | static random access memory chips |

(Title 13, United States Code, Section 305(a)(1); Title 18, United States Code,

Sections 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATIONS
FOR COUNTS TWO THROUGH SIXTEEN

39.   The United States hereby gives notice to the defendants charged in Counts
Two through Sixteen that, upon conviction of any such offense, the government will seek
forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28,
United States Code, Section 2461(c), which require any person convicted of any such offense, or
conspiracy to commit such offense, to forfeit any and all property, real or personal, which
constitutes or is derived from proceeds traceable to a violation of such offenses, including but not
limited to the following:

Money Judgment

a.   A sum of money in United States currency, in an amount to be
determined at trial, for which the defendants are jointly and severally liable.

Specific Property

b.   Any and all funds on deposit or transferred to or through Wells Fargo
Account No. 2475956740, held in the name of defendant ARC ELECTRONICS, INC., and all
proceeds traceable thereto;

c.   Any and all funds on deposit or transferred to or through Wells Fargo
Account No. 1102461793, held in the name of defendant ARC ELECTRONICS, INC., and all
proceeds traceable thereto;

d.   Any and all funds on deposit or transferred to or through Frost National
Bank Account No. 140028983, held in the name of defendant ARC ELECTRONICS, INC., and all
proceeds traceable thereto;

18

e. Any and all funds on deposit or transferred to or through Compass Savings Bank Account No. 2530622900, held in the name of defendant ALEXANDER FISHENKO, and all proceeds traceable thereto;

f. Any and all funds on deposit or transferred to or through Compass Savings Bank Account No. 2530620355, held in the name of defendant ALEXANDER FISHENKO, and all proceeds traceable thereto;

g. The Real Property and Premises, including any and all improvements thereon, known as 22631 FM 149, Montgomery County, Texas, title to which is held, in part, in the name of the defendant ALEXANDER FISHENKO; and

h. The Real Property and Premises, including any and all improvements thereon, known as 12956 Trail Hollow Drive, Harris County, Texas, title to which is held, in part, in the name of the defendant ALEXANDER FISHENKO.

40. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other

19

property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATIONS
## FOR COUNT SEVENTEEN

41. The United States hereby gives notice to the defendants charged in Count Seventeen that, upon conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982, of any and all property, real or personal, involved in each offense of conviction in violation of Title 18, United States Code, Section 1956, and all property traceable to such property, including but not limited to, the following:

### Money Judgment

a. A sum of money in United States currency, in an amount to be determined at trial, for which the defendants are jointly and severally liable;

### Specific Property

b. Any and all funds on deposit or transferred to or through Wells Fargo Account No. 2475956740, held in the name of defendant ARC ELECTRONICS, INC., and all proceeds traceable thereto;

c. Any and all funds on deposit or transferred to or through Wells Fargo Account No. 1102461793, held in the name of defendant ARC ELECTRONICS, INC., and all proceeds traceable thereto;

20

d.  Any and all funds on deposit or transferred to or through Frost National Bank Account No. 140028983, held in the name of defendant ARC ELECTRONICS, INC., and all proceeds traceable thereto;

e.  Any and all funds on deposit or transferred to or through Compass Savings Bank Account No. 2530622900, held in the name of defendant ALEXANDER FISHENKO, and all proceeds traceable thereto;

f.  Any and all funds on deposit or transferred to or through Compass Savings Bank Account No. 2530620355, held in the name of defendant ALEXANDER FISHENKO, and all proceeds traceable thereto;

g.  The Real Property and Premises, including any and all improvements thereon, known as 22631 FM 149, Montgomery County, Texas, title to which is held, in part, in the name of the defendant ALEXANDER FISHENKO; and

h.  The Real Property and Premises, including any and all improvements thereon, known as 12956 Trail Hollow Drive, Harris County, Texas, title to which is held, in part, in the name of the defendant ALEXANDER FISHENKO.

42.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section

982, to seek forfeiture of any other property of such defendants up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 18, United States Code, Section 982)


A TRUE BILL


_____
FOREPERSON


_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F# 2012R00387
FORM DBD-34
JUN. 85

No. 12-CR 626 (S-1) (SJ)

# UNITED STATES DISTRICT COURT
### EASTERN *District of* NEW YORK

## CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*ALEXANDER FISHENKO, ARC ELECTRONICS, INC., APEX SYSTEM, L.L.C.,
SHAVKAT ABDULLAEV, also known as "Stan," ANASTASIA DIATLOVA, also known
as "Anna," SERGEY KLINOV, ALEXANDER POSOBILOV, also known as "Sasha,"
YURI SAVIN, DMITRIY SHEGUROV,SEVINJ TAGHIYEVA, also known as "Seva,"
and SVETALINA ZAGON, also known as "Alina,"*

Defendants.

## SUPERSEDING INDICTMENT

(T. 13, U.S.C., § 305(a)(1); T. 18, U.S.C., §§ 371, 951(a),
981(a)(1)(C), 982, 1512(c), 1519, 1956(h), 2 and 3551 et seq.; T. 21,
U.S.C., § 853(p); T. 22, U.S.C., §§ 2778(b)(2) and 2778(c); T. 28,
U.S.C., § 2461(c); T. 50, U.S.C., §§ 1702 and 1705(c); T. 15, C.F.R.,
§ 764.2; T. 22, C.F.R., §§ 121 and 127.)

*A true bill.* _____  U. Wright _____
_____
*Foreperson*

*Filed in open court this* ___ *day of* ___ *A.D. 20* ___ _____
_____
*Clerk*

*Bail, $* _____

***D. Silver, H. Jager and U. Dean, Assistant U.S. Attorneys (718) 254-6034***