

U.S. Department of Justice

United States Attorney
Eastern District of New York

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 6, 2015

<u>By ECF</u>

The Honorable Sterling Johnson, Jr.
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: <u>United States v. Alexander Fishenko et al.,</u>
    <u>Criminal Docket No. 12-626 (S-1) (SJ)</u>

Dear Judge Johnson:

  The government writes in response to the letter filed by defendants Fishenko and Posobilov (collectively, the "in custody defendants"), dated December 24, 2014, asserting that the protocol established by the Court to allow the defendants to review classified electronic evidence while in custody is inadequate. In their application, the defendants vastly overstate the volume of material to review. In addition, they fail to acknowledge the substantial amount of time they have already had to review these materials. Therefore, the defendants' applications for: 1) an adjournment of the trial date; 2) bail; and 3) unfettered access to the classified materials at the Metropolitan Detention Center ("MDC") should be denied.[1]

   I. <u>Procedural History</u>

  The defendants were arrested on October 3, 2012. After defense counsel sought and received the requisite security clearances and, on June 28, 2013, the Court entered a protective order governing the handling of classified discovery materials, the

---

[1] The government does not object to defense counsel providing the defendants with food and coffee during their review sessions, or to the defendants using headphones to listen to audio recordings, all subject to approval by the United States Marshals Service. In addition, the government does not object to defendant Fishenko having access to unclassified electronic discovery materials in the evening at the MDC, also subject to approval by the Bureau of Prisons.

government produced classified discovery to defense counsel.  The bulk of these materials were produced in the summer of 2013.  On September 30, 2013, the defendants moved to modify the protective order to, inter alia, release all classified materials without restriction.  In a Memorandum and Order dated February 14, 2014 (the "2/14/14 Order"), the Court denied that application.  The Court noted that "notwithstanding that [the] Defendants do not meet the Protective Order's requirement that only those with security clearances can view any classified materials . . . the government has permitted the Defendants to view the classified discovery it deemed pertinent to this case."  (2/14/14 Order at 9) (emphasis in original).  The Court also denied the in custody defendants' application to modify the protective order to permit them to review the classified discovery materials outside of the courthouse holding pens.  (2/14/14 Order at 10).

Following the issuance of this Order in February 2014, to the government's knowledge, the in custody defendants made no real effort to review any of the classified discovery materials until November 2014.  This is unsurprising, since most of the classified discovery materials have also been produced in unclassified form and since defense counsel has access to the classified materials via several high-speed computers which the government has provided in a secure room in the courthouse.  In October 2014, counsel for the in custody defendants sought permission to alter the protocol by which the in custody defendants could review classified discovery.  In a Memorandum and Order dated November 3, 2014 (the "11/3/14 Order") (see Dkt. #263), the Court held that the review of such materials should be conducted in inmate isolation cells in the courthouse, which are equipped with bars rather than wire mesh, and using a 20-inch computer monitor, so as to allow the in custody defendants to view the materials more easily.  (11/3/14 Order at 6).  The Court held that "such a remedy is the proper balance of all parties' concerns, national security, and the security of staff while also protecting the Defendant's right to assist in his own defense."  (11/3/14 Order at 7).

II. Discussion

Although the defendants concede that "much of the 'classified' material is redundant of the 'non-classified' material," (Def.'s Letter at 2), the defendants nonetheless assert that the review of this material, at their current pace, would take 14 years.  (Id. at 3).  However, the defendants overstate and mischaracterize the volume of the classified material.  Several categories of purportedly classified discovery that the defendants cite have been produced in unclassified form.  First, the "194 files of 'trash covers'" (i.e., documents obtained from Arc Electronics, Inc.'s ("Arc's") garbage) were produced in unclassified, text-searchable form in December 2013.  All of Arc's QuickBooks data files were produced in unclassified form on May 13, 2013, and were produced again on a specially-designated laptop for defendant Fishenko's review at the MDC on July 19, 2013.  In addition, the vast majority of the email files (which constitute the bulk of the classified discovery produced) have also been produced in unclassified form.  Specifically, the only pertinent emails of the in custody defendants which exist only in classified form are approximately 600 emails of defendant Fishenko and approximately 8,000 emails of defendant Posobilov.  These emails may easily be segregated for review because they were obtained from three personal email

accounts used by Fishenko and Posobilov and have been organized accordingly. Thus, the only materials that the defendants must review in classified form are these emails and the audio files. These audio files have also been organized by defendant, and include approximately 600 pertinent recordings for Fishenko and approximately 1400 pertinent recordings for Posobilov.

By the time trial begins in March, the in custody defendants will have had personal access to these classified materials for approximately 18 months, and their attorneys will have had access to these materials for even longer. Pursuant to the current protocol, the in custody defendants may personally review these materials up to five days per week (in November and December they only reviewed classified materials one, two or sometimes three days per week), while defense counsel may review the materials up to seven days per week. This is more than sufficient time to complete their review. Therefore, the defendants' application for an adjournment of trial and other relief should be denied.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:   /s/ Daniel Silver
      Daniel Silver
      Hilary Jager
      Una Dean
      Assistant U.S. Attorneys
      (718) 254-6034