LEVITT & KAIZER
ATTORNEYS AT LAW
40 FULTON STREET
23rd FLOOR
NEW YORK, NEW YORK 10038-5077

RICHARD WARE LEVITT°
rlevitt@landklaw.com

NICHOLAS G. KAIZER°
nkaizer@landklaw.com

YVONNE SHIVERS
   of counsel
yshivers@shiverslaw.com

EMILY GOLUB
   of counsel
emilygolublaw@gmail.com

° ADMITTED IN N.Y., FLA., AND D.C.

TELEPHONE
(212) 480-4000

FACSIMILE
(212) 480-4444

January 14, 2015

Via ECF

Hon. Sterling Johnson
United States District Judge
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

          Re:    United States v. Fishenko, et al.
                   12-cr-626(SJ)

Dear Judge Johnson:

      We respond to the government's January 6, 2015 (Doc. 290) letter as follows:

      **1.** **The government argues we overstate the time required to review the classified documents because a large portion of those documents overlaps with the non-classified documents that are available to the defendants without restriction**. Putting to one side that the government's acknowledgement of this overlap tacitly concedes – at least as to the overlapping documents – that the protective order was without foundation, the government substantially mischaracterizes the universe of non-overlapping evidence in order to minimize the time required to review it. Because this is a conspiracy prosecution in which the government will argue that statements of one ARC employee are admissible against others, we must review **all** the classified evidence with Messrs. Fishenko and Posobilov, and not just the evidence that the government has classified as relating to Mr. Fishenko **or** Mr. Posobilov. The government, therefore, is wrong when it suggests that the only non-overlapping evidence we must review consists of "approximately 600 emails of defendant Fishenko and approximately 8,000 emails of defendant Posobilov" as well as "approximately 600 pertinent recordings for Fishenko and approximately 1,400 pertinent recordings for Posobilov."[1] Rather we must also

---

[1]     Given that we have repeatedly expressed our concern regarding the volume of protected evidence and the difficulty reviewing it, the government's failure to previously define precisely which evidence overlaps and to isolate the non-overlapping evidence is both quizzical and regrettable. Additionally, its characterization of the recordings is

**LEVITT & KAIZER**
ATTORNEYS AT LAW

Hon. Sterling Johnson
January 14, 2015
Page-2-

review thousands more non-overlapping emails and audio recordings attributable to other ARC employees, many of which are in Russian, not to mention faxes and other data collected from landlines associated with ARC and its affiliates. The emails deemed "pertinent" by the government total in excess of 112,000 and the faxes and other "pertinent" documents seized from ARC's servers total more than 307,000. Furthermore, we have the nearly impossible task of reviewing the so-called non-pertinent yet classified emails and recordings totaling in the hundreds of thousands, which, pursuant to the government's insistence, the Court has forbade the defendants to review, but which, in fact, include potentially critical evidence in both English and Russian.[2]

    **2.  The government argues we have had 18 months to review the classified materials.**  The government's suggestion that we have not proceeded diligently is unfounded.  Mr. Fishenko and undersigned counsel have generated hundreds of pages of notes reviewing the non-classified materials, the review of which has thus far consumed hundreds of hours. Furthermore, as the Court knows, this case has involved a substantial motion practice, much of it necessitated by the government's wrongful insistence that all classified information had to be subject to a protective order, regardless of its overlap with non-classified information and without any showing that particular documents or recordings in fact had to be protected.  We refrained from spending substantial time reviewing the classified materials until the court ruled on issues regarding the protective order and the admissibility of the FISA evidence because we were hoping that this body of evidence, if not suppressed, would at least become more readily reviewable by the defendants, and therefore focused on the non-classified evidence.  After the court both upheld the protective order (on February 14, 2014 (filed under seal)) and denied the CIPA motions (on September 25, 2015, Doc. 256) we immediately turned our attention to the classified materials and addressed with the Court the difficulties we were having reviewing this evidence at our court appearance on October 10, 2014.  We then met with the government the same day and wrote to the Court, explaining the difficulties we were having reviewing the classified documents in the pens (Doc. 261).  The Court then issued its ruling establishing the review protocol for Messrs. Fishenko and Posobilov on

---

misleading because they include recordings made by microphones secreted in the ARC offices that continue for hours.

[2]    On January 7, 2015 (among other dates) undersigned counsel randomly sampled certain of the "non-pertinent" recordings.  Many were in Russian but the first one I reviewed that was in English was unquestionably pertinent. Unfortunately I did not make note of the date/time of this tape before closing the file and sought unsuccessfully to re-locate the particular tape.  However, it was clearly pertinent as it consisted of an ARC employee calling a supplier for a part and asking very pointedly whether a license was necessary to export the product.  Given that a principal issue at trial will be whether Mr. Fishenko instructed employees to determine whether licenses were required for particular components, the government position that this type of conversation was "non-pertinent" is inexplicable.

L<small>EVITT</small> & K<small>AIZER</small>                                                                                  Hon. Sterling Johnson
<small>ATTORNEYS AT LAW</small>                                                                                  January 14, 2015
                                                                                                  Page-3-

November 3, 2014 (Doc. 263) and they immediately began reviewing the classified evidence in the pens with the assistance of Hanna Antonsson. After several sessions that highlighted the continuing difficulties of reviewing the evidence in the required manner we wrote to the Court on December 24, 2014 (Doc. 281), precipitating the instant round of motion practice. Without question, defense counsel have been timely and diligent in both reviewing the evidence and in bringing the difficulties encountered undertaking this review to the Court's attention.

**3. The government "agrees" that Messrs. Fishenko and Posobilov may review the classified materials five days a week in the pens; that they may have adequate sustenance if the Marshals agree; and that Mr. Fishenko may review the non-classified evidence in his unit after-hours if the MCC assents**. Although the government says the defendants may access the classified materials five days a week in the pens, in fact, it is neither practical nor possible for the defendants to have five full day session per week, for several reasons. First, the Marshals understandably would prefer that the defendants not be produced on Fridays, when there is less activity in the Court and the few inmates that are brought to court are returned early. Second, on other days Messrs. Fishenko and Posobilov are returned to the MDC when the last defendants with a case on the calendar are returned, which is often before 5:00. Third, it is physically and emotionally difficult for Messrs. Fishenko and Posobilov to venture to Court every day. On the days they are produced it is a 15-hour ordeal from the time they are awakened to the time they are returned to their unit. As we said in our letter of December 24, 2014, these days are long and arduous, without adequate sustenance and the defendants have a great deal of difficulty focusing on hard-to-hear tapes with no amenities and without the assistance of headphones. The government says it does not object to the defendants having adequate food and coffee, headphones, etc. in the pens, nor does it object to Mr. Fishenko having access to the non-classified materials at night assuming the Marshals and the BOP do not object.[3] But although the government might want to lay these difficulties at the feet of the Marshals and the BOP, in fact, these difficulties are entirely of the government's own making because it is has cynically obtained a protective order for hundreds of thousands of documents and recordings that it knows full well need not be "protected."

**4. The government glosses over the practical difficulties generated by the protective order.** The government wants to appear magnanimous in permitting the defendants – who are not "cleared" – to access the classified materials that are subject to the protective order. In fact, however, these materials should not be subject to a protective order in the first place (and the government must concede this is so as to, at least, the overlapping materials) and their protected status has created additional logistical problems that the government glosses over. Principal among these difficulties is that

---

[3]   For the last few months Mr. Fishenko has not been permitted to review even the non-classified materials on his unit

LEVITT & KAIZER  
ATTORNEYS AT LAW

Hon. Sterling Johnson  
January 14, 2015  
Page-4-

there is no practical way of integrating the classified materials into the trial strategy because all notes regarding the classified materials must remain in the secure room. Thus, counsel and clients may review them together only in the pens; counsel cannot take the notes to their office and neither counsel nor the defendants may review them in the MDC; this is not a case, like those cited by the government, where the protected documents are relatively few in number and where the restrictions upon access do not foreclose meaningful review and integration into the defense narrative.

The government's wrong-headed insistence on maintaining a protective order on documents that need not be protected has certainly been a good strategy as it has diverted our scarce resources[4] while the government enjoys virtually unlimited resources to prepare its case.[5]

For all these reasons we respectfully suggest that the Court consider the following remedies:

- Order that the classified materials be made freely available to the defendants on a laptop in the MDC subject to any showing by the government that <u>particular documents</u> need further protection and grant an adjournment sufficient to permit the defendants reasonable time to review these materials before trial; and
- Order that Mr. Fishenko be permitted to keep the non-classified laptop in his cell so he can access it more easily or that it be made readily available to him each day until lights out; or

---

[4] The government successfully blocked ARC from hiring counsel, arguing successfully that its affidavit of indigency was insufficient to require the release of seized funds, even though there was no additional information it could produce, and Mr. Fishenko was thereby denied the assistance of an additional, highly experienced, team member.

[5] It has not gone unnoticed that indictments in the EDNY have diminished by approximately a third during the last few years. By way of example, undersigned counsel generated reports from the EDNY ECF website database, which appear to reflect the following number of EDNY indictments between 2010 and 2014:

2010 – 1026 indictments  
2011 – 857 indictments  
2012 – 793 indictments  
2013 – 721 indictments  
2014 – 674 indictments

LEVITT & KAIZER  
ATTORNEYS AT LAW

Hon. Sterling Johnson  
January 14, 2015  
Page-5-

- Admit the defendants to bail and adjourn the case for a reasonable amount of time so they can review the materials either in their residences if the protective order is lifted or in the SCIF; and/or
- Grant other relief likely to permit the defendants to review the discovery thoroughly and in a timely manner.

Respectfully submitted,

Richard Levitt

cc:   AUSA Daniel S. Silver (by ECF)  
      Defense counsel (by ECF)